GOULD, Circuit Judge,
dissenting:
I agree with my colleagues that “the drug-related information the district court determined was recklessly omitted does raise serious concerns about Scales’s credibility.” Majority Opinion at 1149. I regret that I cannot agree that there was independent corroboration of Scales’s identification of Ruiz, sufficient to overcome my serious concerns about Scales’s credibility. I conclude that the officer’s reckless omissions about Scales’s drug-related history were not harmless. Under a practical approach, taking into account common sense, a corrected affidavit, including the drug dealing and informant status of Scales, does not establish probable cause.
The record does not show sufficient corroboration that Scales reliably identified Ruiz. Here, there is no question the trailer shooting occurred, and I do not see Scales’s and Mills’s recounting of the basic details of the shooting, such as how two *1153 shots were fired or how the other assailant wore a mask, as strong corroboration of Scales’s overall veracity. The shooting happened, but who did it? Was there sufficiently reliable information of Ruiz’s involvement to justify the search warrant under the probable cause standard? I conclude there was not.
I do not see how Scales’s and Mills’s statements that the assailant wore dark clothing and was “a larger Hispanic male in his thirties” contribute to corroborate Scales’s identification of Ruiz. See Majority Opinion at 1151. This general characterization could be true of many people and does not significantly bolster Scales’s reliability.
I also disagree with the “crucial” import the majority gives to Scales’s and Mills’s statements that the assailant identified himself as “McDog” and that police subsequently linked the “McDog” alias to Ruiz through the records of a nearby police department. See Majority Opinion at 1151-52. The majority claims that this shows Ruiz’s “presence in the general area and possible involvement in local crime.” Majority Opinion at 1151. This seems somewhat corroborative until placed into the context that Scales was a known drug dealer and was known to have lied to police when first interviewed about her ownership of drug paraphernalia found at the scene of the trailer shooting. Mills lived with Scales and could not have been unaware of her drug-related activities. There is little doubt that Scales had contact with other people involved in local criminal activity. So if there are serious outstanding concerns about Scales’s credibility, I do not see how the fact that police confirmed an alias of “McDog” in the Pay-ette area provides the type of corroborating evidence that makes her identification of Ruiz more reliable. It may only show that Scales knows Ruiz by his alias, and tried to point a finger at him, a competing drug dealer. The majority suggests that police might have suspected Ruiz because of statements of Mills, but that does not mean that there would have been probable cause to search Ruiz’s home. In my view, in this case there was not probable cause for the search absent a credible identification of Ruiz by Scales.
Beyond the weakness of the corroborative evidence, the vast majority of the additional information theoretically supporting probable cause comes from Scales and Mills, not from independent sources. See United States v. Meling, 47 F.3d 1546, 1555 (9th Cir.1995). Because the corroboration here derives from information provided by Scales, it does not compensate for Scales’s low credibility. See id.
The magistrate judge knew nothing of Scales’s recent history of drug sales, Scales’s statement to police that the shooting was related to drugs and money, and Scales’s sale of methamphetamine to undercover police on the very afternoon of the shooting, leading to her role as a narcotics informant. The majority permits law enforcement to omit all of these essential facts on a theory of harmless error, even where the corroborating evidence is weak and largely comes from Scales, the very interested party whose credibility is challenged.
The Supreme Court has emphasized a “ ‘flexible, common-sense standard’ of probable cause.” Florida v. Harris, — U.S. -, 133 S.Ct. 1050, 1053, 185 L.Ed.2d 61 (2013) (quoting Illinois v. Gates, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Under this commonsense, totality-of-the-circumstances approach to probable cause, the police’s reckless omission of an important witness’s possible relationship to a past crime should be considered material and misleading to a magistrate judge under circumstances where the omitted information bears *1154 strongly on the credibility of that witness and there is inadequate independent corroborating evidence. Where there is significant doubt about the propriety of police practice and its impact on an important credibility determination supporting a probable cause conclusion, we should exercise caution on the side of the Fourth Amendment and improved police practices, rather than a strained theory of harmless error. I respectfully dissent.